IN THE MATTER OF ROY E. MAHONEY,
AN ATTORNEY AT LAW.

Argued February 21, 1978—Decided November 6, 1978.

*Mr. John A. Fratto* argued the cause for the Camden County Ethics Committee.

Respondent argued *pro se.*

PER CURIAM. Respondent, Roy E. Mahoney, is a member of the bar of this State, admitted in 1973. This disciplinary proceeding against him stems from three ethics complaints filed with the Camden County Ethics Committee, charging respondent with the misuse of trust funds, and two additional complaints that he had failed to represent clients zealously.

On April 5, 1977, an order was entered by this Court, consented to by respondent, temporarily suspending him from the practice of law pending final disposition of these matters. The hearing on the ethics complaints took place on June 28, 1977. Respondent, although given due notice, did not appear to contest the charges. Bank records of his attorney account for 1976, which had been subpoenaed, were marked in evidence.

The Committee, in the Presentment filed by it after the hearing, found respondent guilty of three ethical violations, two of which involved the misuse of trust funds. In one case, respondent had been given $1,000 by his clients in July 1976 to be held in escrow in connection with the sale of certain property. The clients, after trying unsuccessfully for several weeks to communicate with respondent with regard to the closing, retained other counsel who were unable to get respondent to return numerous telephone calls made to his office. A mailgram to respondent about the $1,000 escrow deposit went unanswered. It was not until after a formal complaint, dated July 20, 1977, had been filed with the Ethics Committee that respondent appeared at the new counsel's office and delivered a $1,000 check drawn on respondent's attorney account. The check cleared and the clients suffered no financial loss. However, bank records of respondent's attorney account during the period he was supposed to be holding the $1,000, show at times a balance of less than $100.

In the other trust fund case, respondent, at an April 26, 1976 closing of a mortgage loan being made to respondent's client in connection with the purchase of property, retained $6,800 from the loan proceeds for the purpose of paying off an existing mortgage on the property being purchased. Respondent did not pay off this mortgage and, as of June 27, 1977, the date of the hearing before the Committee, the mortgage was still open of record and the client was obliged to continue interest and principal payments thereon in order to avoid foreclosure. Bank records of respondent's

attorney account show a December 31, 1976 balance of $134.66. Since the filing of the Presentment and the hearing thereon before this Court, Central Ethics has ascertained and verified that respondent has satisfied this mortgage in full, had it cancelled of record, and the client has been repaid all expenses to which he had been put.

The third matter in which the Committee found unethical conduct did not involve trust funds. Respondent had been retained to represent a husband and wife who were selling their home and also buying a new home under construction. However, thereafter the clients experienced considerable difficulty in attempting to reach respondent by telephone and letter. Ultimately, they were obliged to work out the problems themselves and appear *pro se* at the closing. The Committee found that respondent (1) failed to seek the lawful objectives of his clients through reasonably available means permitted by law; (2) failed to carry out a contract of employment entered into with clients for professional services; (3) prejudiced and damaged his clients during the course of the professional relationship; and (4) withdrew from representation of his clients without taking reasonable steps to avoid foreseeable prejudice to their rights, all in violation of DR 7-101(A).(1), (2) and (3) and DR 2-110 (A)(2).

As to the second complaint charging respondent with dereliction in the representation of still another client, the Committee found no evidence of unethical conduct.

The Committee declined to consider or to receive testimony as to a complaint charging respondent with the misuse of some $10,000 in estate trust funds. The reason given was that criminal charges arising out of this matter were pending against respondent. While the Committee made no findings as to this complaint, the record shows that a claim was filed with the Clients' Security Fund by the estate charging respondent with the conversion of $10,711.16 in estate funds. This claim was withdrawn in June 1977. Central Ethics

advises that the withdrawal was based on respondent's having reimbursed the estate in full.

Respondent is undoubtedly guilty of serious ethical violations. He has been shown to have misappropriated substantial amounts of trust funds. The fact that ultimately he has repaid all of the money does not excuse his conduct. His unavailability to clients, and his failure to attend to clients' needs, are additional aggravations.

Aside from repayment, the only other mitigating factors are respondent's youth and inexperience, and his contriteness when he appeared before this Court. Ordinarily, disbarment would be called for. However, in light of the mitigating circumstances we are moved to withhold the ultimate sanction and suspend respondent for a period of three years and until the further order of the Court, which suspension is to run from April 5, 1977.

So ordered.

*For suspension for three years*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.